1
2
3
4
5
6
7

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ALAN KUNEMAN, | No.  2:20-CV-0709-DMC |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| DOUGLAS M. PROUTY, et al., | |
| Defendants. | |

Plaintiff, who is proceeding pro se, brings this civil action.  Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment.  See 28 U.S.C. § 636(c); see also ECF No. 20 (order reassigning case).  Pending before the Court are defendants' motions to dismiss.  See ECF Nos. 6, 8, and 16.  The parties appeared for a hearing before the undersigned in Redding, California, at 10:00 a.m., on August 5, 2020.  Plaintiff appeared pro se telephonically.  Defendant Peter appeared pro se telephonically.  Sharon Nagle, Esq., appeared telephonically for defendant Prouty.  Elizabeth Lobaugh, Esq., appeared telephonically for defendant Ludington.  After considering the parties' arguments, the matters were submitted.

/ / /

/ / /

/ / /

## I. PLAINTIFF'S ALLEGATIONS

This action proceeds on plaintiff's original complaint. See ECF No. 1. Because plaintiff paid the filing fees, the complaint was not screened prior to issuance of process. Plaintiff names the following as defendants: (1) Hon. Douglas M. Prouty, a judge of the Superior Court of the State of California; (2) David T. Ludington, a private attorney; and (3) Donna J. Peter, a private attorney. See id. at 3-4.

Plaintiff alleges the following "Statement of Facts":

> The defendant Judge Douglas M. Prouty as the judge of Department 2, Superior Court Of the State of California, County of Pumas did outside of his adjudicative functions while granting his friend Defendant David T. Ludington a continuance to attend rehabilitation for being a [sic] abuser of alcohol. Defendant Judge Douglas M. Prouty in the process of allowing the continuance and refusing to disclose to Plaintiff that of the conditions of the continuances plaintiffs [sic] property was being put in control of the court prior to trial taking away Plaintiffs [sic] ability to defend himself. Defendant Judge Douglas M. Prouty working outside his adjudicative functions and in violation of the California Rules of Court did grant the continuance in violation off the Fifth and 14th Amendment [sic] to the U.S. Constitution denying Plaintiff a fair and equal right to due process. The court proceeded to hold trial and denied Plaintiff his right to valuable witness as to the construction of the trust property cost, and denied Plaintiff his interpretation of the trust in accordance with California law in that Plaintiff did without assistance write the trust. Plaintiff was denied a new trial and was found to have committed fraud against the Defendants' Peter clients. Plaintiff did then file an appeal. Defendant Prouty continued to hear a motion for attorney fees by Defendant Peter and during the motion Plaintiff witnesses Defendant Judge Prouty explain to Defendant Peter how to present her case for attorney fees in the alternative because he had ruled the case was over a contract and then gave Defendant Peter to present her new demands to the court. Plaintiff objected to Judge Prouty giving legal advice to Defendant Peter and Defendant Prouty immediately terminated the hearing.

Id. at 44-5.

Plaintiff alleges these facts give rise to claims under 42 U.S.C. §§ 1983 and 1985(3) for violations of due process and conspiracy. See id. at 7-10. Plaintiff also asserts defendants' conduct resulted in an improper taking of plaintiff's property. See id. at 7.

/ / /

/ / /

/ / /

/ / /

At the hearing, the Court asked plaintiff if there are additional facts not pleaded in his complaint which support his allegations, particularly his allegations that defendant Prouty acted outside his adjudicative functions and that defendants engaged in a conspiracy to deny him his civil rights. Plaintiff outlined the following:

>  1. Defendant Ludington, who was his attorney in a state court proceeding, sought a continuance.
>
>  2. Plaintiff asked the court by way of a pro se ex parte communication why his attorney had sought a continuance. The court did not respond.
>
>  3. Plaintiff later learned Ludington had requested the continuance in order to enter rehabilitation for an alcohol problem.
>
>  4. Plaintiff states that Ludington and Prouty worked at the same law firm before Prouty was appointed to the bench.
>
>  5. Plaintiff states Prouty knew Ludington was an alcoholic.

## II. STANDARDS FOR MOTION TO DISMISS

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order

3

to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

///
///
///
///
///

### III. DISCUSSION

Each of the three defendants has filed a separate motion to dismiss. See ECF Nos. 6, 8, and 16. Defendant Prouty argues: (1) the Court lacks subject matter jurisdiction by operation of the Rooker-Feldman doctrine, the Younger abstention, and the Eleventh Amendment; and (2) the action is barred under the doctrine of absolute judicial immunity. See ECF No. 6. Defendant Ludington joins defendant Prouty's Rooker-Feldman and Younger arguments. See ECF No. 8. Defendant Ludington also argues plaintiff's complaint fails to state a plausible claim for relief. See id. In her pro se motion to dismiss, defendant Peter joins defendant Ludington's argument. See ECF No. 16.

Plaintiff has filed oppositions to all three motions. See ECF Nos. 9, 13, and 18. Defendants Prouty and Ludington filed reply briefs in support of their respective motions. See ECF Nos. 22 and 23. Plaintiff filed an unauthorized sur-reply brief in response to defendant Prouty's reply. See ECF No. 24.

At the outset, the Court agrees with defendants that plaintiff's claims are barred to the extent he is challenging a state court judgment. Under the Rooker-Feldman abstention doctrine, federal courts lack jurisdiction to hear matters already decided in state court. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The doctrine applies in cases "brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005). An exception, inapplicable here, would be where Congress expressly grants federal courts jurisdiction to review state court judgments (such as habeas corpus, for example).

Here, it is clear plaintiff is not satisfied with a state court judgment rendered against him in connection with proceedings related to a trust. Plaintiff repeatedly, both in the complaint and at the hearing, reiterates his belief that he was wrongly found to have committed fraud upon the trust following a trial on the merits. As defendants correctly note, this Court cannot exercise appellate jurisdiction over state courts, see Worldwide Church of God v. McNair,

1  805 F.2d 888, 890 (9th Cir. 1986), even when the challenge to the state court decision involves
2  federal constitutional issues, see Feldman, 460 U.S. at 484-86.  In this regard, the Court takes
3  judicial notice that plaintiff's appeal of the state court's decision is currently pending in the
4  California Court of Appeal, Bennett v. Kuneman, case no. C091153.  Plaintiff's challenge to the
5  state court's judgment is appropriately addressed in that action.
6        The Court does not, however, agree that the Younger abstention doctrine applies.
7  Under Younger v. Harris, 401 U.S. 37 (1971), federal courts are barred from hearing a civil rights
8  claim arising from an ongoing criminal prosecution.  In this case, there is no ongoing criminal
9  prosecution.
10       The Court next addresses each defendant's more specific arguments.
11 **A.    Defendant Prouty**
12       Defendant Prouty's immunity arguments are dispositive of plaintiff's claims
13 against him.  First, defendant Prouty is entitled to immunity under the Eleventh Amendment,
14 which bars federal courts from hearing suits against state officials sued in their official capacities.
15 Second, defendant Prouty is entitled to absolute judicial immunity.
16       1.    Eleventh Amendment Immunity
17       The Eleventh Amendment prohibits federal courts from hearing suits brought
18 against a state both by its own citizens, as well as by citizens of other states.  See Brooks v.
19 Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition
20 extends to suits against states themselves, and to suits against state agencies.  See Lucas v. Dep't
21 of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th
22 Cir. 1989).  The Eleventh Amendment also bars actions seeking damages from state officials
23 acting in their official capacities.  See Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1995); Pena
24 v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam).
25       Here, plaintiff seeks damages against defendant Prouty, who is a state court judge.
26 Plaintiff's allegations stem from defendant Prouty's judicial conduct.  Despite plaintiff's
27 conclusory allegations that defendant Prouty acted outside the scope of his judicial authority,
28 plaintiff pleads no facts to support these allegations.  To the contrary, plaintiff alleges that Judge

1   Prouty improperly or incorrectly decided matters before him.  Because defendant Prouty is a

2   state official and because plaintiff's allegations concern defendant Prouty's official actions,

3   plaintiff's claims against him are barred under the Eleventh Amendment.

4           2.      Judicial Immunity

5   Judges are absolutely immune from damage actions for judicial acts taken within

6   the jurisdiction of their courts.  See Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988)

7   (per curiam).  This immunity is lost only when the judge acts in the clear absence of all

8   jurisdiction or performs an act that is not judicial in nature.  See id.  Judges retain their immunity

9   even when they are accused of acting maliciously or corruptly, see Mireles v. Waco, 502 U.S. 9,

10  11 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978), and when they are

11  accused of acting in error, see Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999).

12  As discussed above, plaintiff's complaint is devoid of any allegations showing that

13  defendant Prouty acted outside his official capacity as a judge.  Plaintiff does not allege that

14  defendant Prouty acted in the absence of jurisdiction or did an act that was not judicial in nature.

15  While plaintiff's allegations can be seen as asserting some form of corruption, such allegations

16  are insufficient to abrogate defendant Prouty's absolute judicial immunity.

17       **B.**      **Defendants Ludington and Peter**

18  Defendants Ludington and Peter both argue plaintiff's complaint fails to state a

19  cognizable claim.  Defendants are correct.  First, neither defendant is alleged to have acted under

20  color of state law.  Second, plaintiff has failed to allege any facts to support a conspiracy under

21  § 1985(3).

22           1.      Color of State Law

23  To state a claim under § 1983, the plaintiff must allege that the defendants acted

24  under color of state law to deprive him of rights secured by the Constitution or federal statutes.

25  See Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986); Pistor v. Garcia, 791 F.3d

26  1104, 1114 (9th Cir. 2015).  Generally, private parties are not acting under color of state law for

27  purposes of § 1983.  See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991); see also

28  Simmons v. Sacramento Cty. Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003) (explaining

that an attorney in private practice does not act under color of state law). Where, however, a private party conspires with state officials to deprive others of constitutional or statutory rights, the private party is acting under color of state law. See Crowe v. Cty. of San Diego, 608 F.3d 406, 440 (9th Cir. 2010). To show such a conspiracy, the plaintiff must allege an agreement to violate the plaintiff's rights. See United Steelworkers of Am. V. Phelps Dodge Corp. 685 F.2d 1539, 1540-41 (9th Cir. 1989) (en banc); see also Crowe, 608 F.3d at 440. Conclusory allegations are insufficient. See Simmons, 318 F.3d at 1161.

Plaintiff alleges defendants Ludington and Peter are private attorneys. While plaintiff alleges the existence of a conspiracy, plaintiff's allegations are entirely conclusory. According to plaintiff:

> . . .It was obvious that Plaintiff had been conspired against by Defendant Judge Prouty, Ludington, and Peter to hide the fact from Plaintiff that Defendant Ludington was unable to be counsel for Plaintiff and could not receive a fair and equal trial. . . . Defendant Peter conspired in the agreement with Defendant Judge Prouty and Defendant Ludington in the agreement to the taking of Plaintiffs [sic] property as a condition to the continuance and giving Plaintiffs [sic] property to the control of Defendant Judge Prouty. . . ."

ECF No. 1, pgs. 6-7.

Plaintiff's use of the words "conspired" and "agreement" are insufficient to show the nature of the alleged agreement, the details of the agreement, or the purpose of the agreement. Moreover, the complaint contains no facts to indicate that defendants reached any kind of meeting of the minds as to the nature, details, or purpose of the alleged conspiracy. These allegations fail to show that either defendant Ludington or Peter conspired with a state official such that they could be considered to have acted under color of state law.

2. Liability Under § 1985

In the complaint, plaintiff alleges defendants' conduct gives rise to liability under 42 U.S.C. § 1985(3). In his oppositions to defendants' motions to dismiss, and at the hearing, plaintiff states that he meant to allege a violation of § 1985(2). Both are anti-conspiracy provisions. The Court addresses both theories.

/ / /

         i.     § 1985(3)

To allege a conspiracy claim cognizable under § 1985(3), the plaintiff must allege some racial, or otherwise class-based invidiously discriminatory animus motivating the defendants' conduct. See Griffin v. Breckenridge, 403 U.S. 88. 102 (1971). The Ninth Circuit has extended § 1985(3) beyond race only when there has been a prior governmental determination that the class in question is a suspect or quasi-suspect class. See Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992). In this case, plaintiff has not alleged any racial animus behind defendants' conduct, nor does plaintiff allege that he is a member of a suspect or quasi-suspect class. The complaint is simply devoid of any factual allegations to support liability under § 1985(3).

         ii.     § 1985(2)

Under 42 U.S.C. § 1985(2), conspiracy to intimidate a party, witness, or juror by force, intimidation, or threat, is unlawful. Here, the complaint contains no allegations of party, witness, or juror intimidation, let alone a conspiracy to do so.

## IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motions to dismiss, ECF Nos. 6, 8, and 16, are granted;

2. This action is dismissed in its entirety without leave to amend and with prejudice; and

3. The Clerk of the Court is directed to enter judgment and close this file.

Dated:  August 11, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

9